**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00876-CR**
**NO. 01-13-00877-CR**

———————————

**BERNARD CARDENAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1365164 and 1365165**

## MEMORANDUM OPINION

Appellant, Bernard Cardenas, without agreed punishment recommendations from the State, pleaded guilty to the offenses of burglary of a habitation, enhanced by a prior felony conviction, and felon in possession of a firearm, enhanced by a

prior felony conviction.[1] The trial court found appellant guilty and assessed punishment at confinement for fifty-five years for burglary of a habitation and confinement for twenty years for felon in possession of a firearm, with the sentences to run concurrently. The trial certified that these cases are not plea-bargain cases and that appellant has the right to appeal. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel has certified that he delivered a copy of the brief to appellant and informed him of his right to obtain a copy of, and examine the appellate record, and file a response.

---

[1] *See* TEX. PENAL CODE ANN. §§ 30.02, 46.04(a)(2) (West 2011).

In his pro se response, appellant contends that he received ineffective assistance of counsel at trial and on appeal. He further contends that, during the plea proceedings, the trial judge made improper comments that demonstrated bias and prejudice and brought "undue influence to the appellant's pleading of guilty" and asserts that the trial judge should have recused himself.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgments of the trial court and grant counsel's motion to withdraw.[2] Attorney Mark A. Rubal must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Huddle, and Lloyd.
Do not publish.   TEX. R. APP. P. 47.2(b).

---

[2]     Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).